**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ROBERT BUSSARD and DANIEL GIBSON, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN HEALTH,<br><br>Defendant. | Case No. 4:24-cv-03214-SMB-MDN |

**DEFENDANT BRYAN HEALTH'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**ON ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF NO. 16)**

Defendant Bryan Health respectfully submits this Notice of Supplemental Authority regarding its Motion to Dismiss Plaintiffs' Complaint and Memorandum in Support (ECF No. 16) (the "Motion").

As argued in the Motion, Plaintiffs' federal and state wiretapping claims should be dismissed because the alleged facts fail to invoke the crime-tort exception to the party exemption under the federal Electronic Communications Privacy Act ("ECPA") and Nebraska's wiretapping law.

Since the Motion was filed, various courts have published decisions resolving motions to dismiss ECPA claims against healthcare companies for alleged use of online tracking pixels (e.g., the Meta Pixel). Attached as **Exhibit A** are those decisions that directly relate to whether Plaintiffs' wiretapping claims can proceed under the crime-tort exception in this case. Including the following decisions:

- *Roberts v. Charlotte Mecklenburg Hosp. Auth.*, Civil Action No. 3:24-cv-00382-KDB-SCR, 2025 WL 880538, *3 (W.D.N.C. Mar. 20, 2025) (dismissing ECPA claim after finding

the plaintiffs had not plausibly alleged the defendant's purpose for sharing personal health information was to breach HIPAA);

- *Lugo v. Inova Health Care Servs.*, Civil Action No. 1:24-cv-700 (PTG/WEF), 2025 WL 905191 (E.D. Va. Mar. 25, 2025) (denying motion to dismiss where the defendant allegedly used pixels within the patient portal);
- *Mayer v. Midwest Physician Admin. Servs., LLC*, Civil Action No. 23-cv-3132, 2025 WL 963779. *3 (N.D. Ill. Mar. 31, 2025) (denying motion to dismiss where the defendant allegedly used pixels on the patient portal and patient mobile app cause the plaintiffs to receive spam and advertisements related to their specific medial conditions);
- *Goulart v. Cape Cod Healthcare, Inc.*, Civil Action No. 25-10445-RGS, 2025 WL 1745732, *3-4 (D. Mass. June 24, 2025) (dismissing claim after finding the plaintiffs failed to plausibly allege that the defendant's *primary* motivation for installing tracking technology on its website was to violate HIPAA or commit a crime or tort for the crime-tort exception to apply); and
- *Pattison v. Teladoc Health, Inc.*, Civil Action No. 23-cv-11305 (NSR), 2025 WL 1756364 (S.D.N.Y. June 25, 2025) (denying motion to dismiss where the defendant allegedly disclosed health insurance information, medical diagnoses, and prescription information)

These decisions show that when pixels are used on public facing portions of the website, as Plaintiffs allege Bryan Health has done, the crime-tort exception is not met. The exception is met only when the disclosure reveals the user's personal health information, such as when the pixel is placed on a patient portal, is used to share insurance information, or a similar disclosure.

Dated: October 17, 2025

Respectfully submitted,

By: /s/ *Dustin L Taylor*
Kamron T.M. Hasan (#25494)
HUSCH BLACKWELL LLP
14606 Branch Street
Suite 200
Omaha, NE 68154
Telephone: (402) 964-5176
Facsimile: (402) 964-5050
kamron.hasan@huschblackwell.com

Dustin L. Taylor (#54463 CO)*
HUSCH BLACKWELL LLP
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Telephone: (303) 749-7200
Facsimile: (303) 749-7272
Dustin.Taylor@huschblackwell.com

*Admitted *Pro Hac Vice*

***Attorneys for Defendant Bryan Health.***

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this notice complies with The District of Nebraska's Local Rules and further state no generative artificial intelligence program was used in drafting the document.

*/s/ Dustin L. Taylor*

**CERTIFICATE OF SERVICE**

I hereby certify that today, this 17th day of October 2025, I caused the foregoing document to be filed electronically with the Clerk of Court and therefore served upon all counsel of record.

*/s/ Dustin L. Taylor*