**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

ROBERT BUSSARD and DANIEL GIBSON, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

BRYAN HEALTH

Defendant.

**Case No.: 4:24-cv-03214-SMB-MDN**

**PLAINTIFFS' RESPONSE TO DEFENDANT BRYAN HEALTH'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant's Notice of Supplemental Authority (ECF No. 27) in support of its Motion to Dismiss cites recent decisions purportedly relevant to the crime-tort exception under the federal Electronic Communications Privacy Act ("ECPA") and Nebraska's wiretapping law. But the cases Defendant cites do not support its argument that Plaintiffs' claims must be dismissed. If anything, these decisions confirm that Plaintiffs' allegations fall well within the scope of conduct courts have recognized as qualifying for the crime-tort exception.

**A. The Decisions Do Not Support Defendant's Argument**

Defendant argues that the Court should dismiss Plaintiff's complaint because the crime-tort exception to the ECPA does not apply when a tracking tool is placed on public portions of the websites. Defendant's Notice is unclear and does not explain how the cited cases support this proposition. Instead, it simply states this conclusion without offering any analysis or reasoning. Two of the decisions quoted by Defendant, *Roberts v. Charlotte Mecklenburg Hosp. Auth.* and *Goulart v. Cape Cod Healthcare, Inc.*, are out-of-circuit decisions that declined to apply the crime-tort exception when the primary purpose of data disclosure is commercial. Yet, Defendant neither acknowledges this rationale nor argues that dismissal here is warranted on this basis. Courts in the

Eighth Circuit have already held that the crime-tort exception applies regardless of whether a criminal actor has a commercial purpose for the interception. This distinction is mentioned in *Pattison v. Teladoc Health, Inc.*, Civil Action No. 23-cv-11305 (NSR), 2025 WL 1756364 (S.D.N.Y. June 25, 2025) (citing *Mekhail v. North Memorial Health Care*, 726 F.Supp.3d 916 (D.Minn., 2024)), noticed by Defendant.

Plaintiffs therefore understand Defendant's argument to be that three of the attached decisions denied motions to dismiss only where the pixel was placed on a patient portal. Defendant appears to contend that these decisions show that when a pixel is not placed on a patient portal, and is instead placed on a public part of the website, such as a search bar, the crime-tort exception does not apply. But none of the attached decisions adopt this reasoning, nor do they even address the legal distinction Defendant suggests. The existence of cases involving pixels directly placed on patient portals does not require that pixels on public portions of websites be necessarily removed from consideration when determining the applicability of the ECPA's crime-tort exception. In fact, the decisions attached by Defendant confirm that disclosures made through public website features (such as search bars) can implicate sensitive health information sufficient to support application of the exception.

*Lugo v. Inova Health Care Servs.*, one of the decisions noticed by Defendant, favorably cites *Kurowski v. Rush System for Health*, which applied the crime-tort exception in facts similar to those in Plaintiffs' Complaint. *Lugo v. Inova Health Care Servs.,* Civil Action No. 1:24-cv-700 (PTG/WEF), 2025 WL 905191 (E.D. Va. Mar. 25, 2025) (*quoting Kurowski v. Rush System for Health*, 683 F.Supp.3d 836 (N.D. Ill., 2023)) ("Thereafter, the plaintiff alleged that Rush used pixels to collect and transmit "the name and location of her personal physician, as well as her

physician's specialty" to Facebook so that Facebook could target her with specific advertising … These are exactly the facts that are before this Court").

Similarly, the Court in *Pattison v. Teladoc Health, Inc.* stated that the facts in that case paralleled those in *Gay v. Garnet Health*, where plaintiffs alleged disclosure of their medical search activity, like those alleged in Plaintiffs' Complaint. *Pattison v. Teladoc Health, Inc.*, 2025 WL 1756364 at *2 (S.D.N.Y., 2025) ("The facts in the instant case parallel the circumstances before the Court in *Garnet Health*."); *Gay v. Garnet Health*, 2024 WL 4203263 (S.D.N.Y., 2024) ("Patients are also able to use a search bar on the Website where they can enter questions, symptoms, conditions, clinician names and other queries to obtain responsive information.") The final decision cited by Defendant, *Mayer v. Midwest Physician Administrative Services, LLC*, also involves medical searches conducted through a public facing portion of the website. *Mayer v. Midwest Physician Administrative Services, LLC*, 2025 WL 963779 (N.D. Ill., 2025) ("It operates a website, patient portal, and application used by patients to book and manage appointments, communicate symptoms and other health related information to their doctors, and search for medical conditions and treatment options.")

These recent decisions uniformly reject the notion that a pixel must appear on a patient portal to implicate the crime-tort exception. A pixel on a public-facing website can disclose IIHI when it discloses the search results of a particular patient for medical treatment, as alleged in the Complaint. *I.T. v. ChoicePoint LLC*, 2025 WL 2495079 at *3 (W.D.Wash., 2025) (*quoting Cousin v. Sharp Healthcare,* 702 F. Supp. 3d 967, 973 (S.D. Cal. 2023)) ("Courts have found public searches for physicians by particular specialty sufficient to allege information "about a present medical condition and the provision of medical care covered by HIPAA.*"");* *Hartley v. Univ. of Chi. Med. Ctr.*, 2025 LX 424088 (N.D.Ill. Oct. 1, 2025) (plaintiff plausibly alleged that university

hospital disclosed her health information when she used website to seek specific medical specialists, obtain prescriptions, and seek information about sexually transmitted diseases).

**B. The Complaint Adequately Alleges A Crime-Tort Purpose Based On The Disclosure Of Sensitive Medical Interests**

The cases cited by Defendant reinforce that even public website interactions may trigger ECPA liability when the disclosed information reflects:

- The nature of a patient's medical condition
- Their intent to seek treatment
- The identity and specialty of a provider

Plaintiffs here precisely allege: Bryan Health used tracking technologies that disclosed patients' searches for physicians and treatment for specific conditions, along with patients' identities, where Plaintiffs were patients who engaged in these very activities. Courts, including those cited by Defendant, have recognized digital tracking of this nature as sufficient under the crime-tort exception.

**C. Conclusion**

Defendant's Notice of Supplemental Authority does not alter the legal landscape or undermine the sufficiency of Plaintiffs' allegations. Courts have not drawn the rigid line Defendant proposes between public and non-public portions of a healthcare website. It's the opposite. The cited cases affirm that Plaintiffs' allegations – of tracking tools deployed on a health system's website to capture medical searches and provider lookups – are actionable under the ECPA.

Defendant's motion to dismiss should be denied. Should the Court grant the motion in any part, Plaintiffs respectfully request leave to amend to remedy any perceived issues.

Dated: October 31, 2025

Respectfully submitted,

**DOMINALAW GROUP, PC LLO**
By: */s/ Brian E. Jorde*
Brian E. Jorde (NE Bar # 23613)
2425 South 144th Street
Omaha, NE 68144
Telephone: (888) 387-4134
Email: bjorde@dominalaw.com

Mark S. Reich (*pro hac vice*)
**LEVI & KORSINSKY, LLP**
33 Whitehall St., 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with The District of Nebraska's Local Rules and further state no generative artificial intelligence program was used in drafting the document.

*/s/ Brian E. Jorde*

## CERTIFICATE OF SERVICE

I hereby certify that today, this 31 day of October, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court and therefore served upon all counsel of record.

*/s/ Brian E. Jorde*