**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ROBERT BUSSARD and DANIEL GIBSON, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN HEALTH,<br><br>Defendant. | Case No. 4:24-cv-03214-SMB-MDN |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Robert Bussard and Daniel Gibson, on behalf of themselves and all others similarly situated, respectfully submit this Notice of Supplemental Authority regarding their Response In Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 22).

A recent federal decision supports Plaintiffs' position. In *Dawson v. University of Phoenix, Inc.*, the court considered nearly identical allegations and addressed the applicability of the party exemption where third-party tracking technology was used to intercept user communications, attached as **Exhibit A**.

Plaintiffs submit that Defendant cannot invoke the party exemption to defeat liability under either the Electronic Communications Privacy Act or Nebraska's wiretap statute. The exemption is unavailable, Plaintiffs argue, because the alleged interceptions were committed for a tortious purpose and were not conducted directly by Defendant. Instead, Defendant allegedly procured Meta and other third parties to carry out the interception.

The court's reasoning in *Dawson* reinforces Plaintiffs' contention that the crime-tort exception bars dismissal at this stage. Where plaintiffs plausibly allege that a defendant procured a third party to intercept private communications for a commercial purpose, courts have allowed

those claims to proceed past the pleadings stage.

In *Dawson v. University of Phoenix, Inc.*, No. 1:25-cv-03497, 2026 WL 92248, at *43 (N.D. Ill. Jan. 13, 2026), the court considered whether the party exemption under the ECPA applied where a defendant allegedly procured the interception. The court recognized that the exemption does not clearly apply in such cases. It cited with approval the ruling in *Mekhail v. North Memorial Health Care*, 726 F. Supp. 3d 916 (D. Minn. 2024), which explained that the statutory language does not "appear[] to apply when the defendant is sued under a procurer theory." *Id.* at *43 n.11* (quoting *Mekhail*, 726 F. Supp. 3d at 926). Although the court found the crime-tort exception sufficient to deny dismissal, it left the party exemption issue unresolved.

For these reasons, *Dawson* supports Plaintiffs' position that wiretapping claims should proceed where a defendant is alleged to have procured third parties to intercept private communications. The decision also confirms that the crime-tort exception may defeat the party exemption at the pleading stage. In light of *Dawson* and related authority, Defendant's motion to dismiss should be denied.

Dated: January 14, 2026

Respectfully submitted,

**DOMINA LAW GROUP, PC LLO**

By: <u>*/s/ Brian E. Jorde*</u>
Brian E. Jorde (NE Bar # 23613)
2425 South 144th Street
Omaha, NE 68144
Telephone: (888) 387-4134
Email: bjorde@dominalaw.com

Mark S. Reich (pro hac vice)
**LEVI & KORSINSKY, LLP**
33 Whitehall St., 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this notice complies with The District of Nebraska's Local Rules and further state no generative artificial intelligence program was used in drafting the document.

*/s/ Brian E. Jorde*

**CERTIFICATE OF SERVICE**

I hereby certify that today, this 14th day of January 2026, I caused the foregoing document to be filed electronically with the Clerk of Court and therefore served upon all counsel of record.

*/s/ Brian E. Jorde*