**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ROBERT BUSSARD and DANIEL GIBSON, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN HEALTH,<br><br>Defendant. | Case No. 4:24-cv-03214-SMB-MDN<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Bryan Health ("Defendant"), by and through its counsel of record, hereby submits its Response to Plaintiffs' Notice of Supplemental Authority ("NSA") (ECF No. 31), filed with the Court on January 14, 2026. Plaintiffs' NSA in support of their Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 22) cites *Dawson v. University of Phoenix, Inc.*, 2026 WL 92248 (N.D. Ill. Jan. 13, 2026).

Defendant briefly responds to show that *Dawson* is inapposite and should not impact the analysis of Defendant's Motion to Dismiss. In *Dawson*, students enrolled with the defendant university attended online classes and logged into a university website to access and submit coursework, view grades and transcripts, and watch prerecorded educational videos. *Dawson*, 2026 WL 92248 at *1. The court's analysis of the crime-tort exception to the ECPA's party exemption rule was based on alleged violations of the Video Privacy Protection Act (VPPA) and the Family Educational Rights and Privacy Act (FERPA), both of which specifically protect educational and video information. *Id.* at *13. The court found the predicate crime-tort exception plausible in that context but without further explanation or analysis. *Id.* at *15.

Here, by contrast, neither VPPA nor FERPA are at-issue. Plaintiffs' case, and the sole basis to rely on the crime-tort exception, relies on an alleged HIPAA violation. Thus, while the

Complaint fails to state a claim because the pleading only identifies unprotected, purely public website browsing activity—without any login, authentication, or access to private health records or patient-specific communications (*see generally* ECF Nos. 16, 25)—the point of this filing is that *Dawson* and the NSA do not impact the actual issues and governing law for the pending motion to dismiss.

Dated: January 22, 2026

Respectfully submitted,

By: /s/ *Kamron T.M. Hasan*
Kamron T.M. Hasan (#25494)
HUSCH BLACKWELL LLP
14606 Branch Street, Suite 200
Omaha, NE 68154
Telephone: (402) 964-5176
Facsimile: (402) 964-5050
kamron.hasan@huschblackwell.com
*Admitted *Pro Hac Vice*
***Attorneys for Defendant Bryan Health***

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this notice complies with The District of Nebraska's Local Rules and further state no generative artificial intelligence program was used in drafting the document.

*/s/ Kamron T.M. Hasan*

**CERTIFICATE OF SERVICE**

I hereby certify that today, this 22nd day of January 2026, I caused the foregoing document to be filed electronically with the Clerk of Court and therefore served upon all counsel of record.

*/s/ Kamron T.M. Hasan*