**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ROBERT BUSSARD and DANIEL GIBSON, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN HEALTH,<br><br>Defendant. | Case No. 4:24-cv-03214-SMB-MDN |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Robert Bussard and Daniel Gibson, on behalf of themselves and all others similarly situated, respectfully submit this Notice of Supplemental Authority regarding their Response In Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 22).

Two recent federal decisions support Plaintiffs' position. In *Theys, et al. v. Dental Intelligence, Inc., et al., the court considered nearly identical allegations and addressed the applicability of the crime-tort exception, where IIHI was intercepted by tracking tools* attached as **Exhibit A**. In *Stein, et al. v. Edward-Elmhurst Health*, the court addressed the purpose necessary for the crime-tort exception to apply, attached as **Exhibit B**.

Plaintiffs submit that Defendant cannot invoke the party exemption to defeat liability under either the Electronic Communications Privacy Act or Nebraska's wiretap statute. The exemption is unavailable because Defendant procured Meta and other third parties to carry out the interception for the purpose of disclosing Plaintiffs' IIHI. Defendant purposefully placed tracking tools on its website, knowing that Meta and third parties would intercept IIHI in violation of HIPAA.

Recent federal courts interpreting the ECPA have held that the crime-tort exception may

apply where defendants deploy tracking technologies that intercept and disclose private health information to third parties. These courts further recognize that the exception applies where the interception facilitates an unlawful act, regardless of whether the defendant acted with a criminal or tortious purpose.

The court's reasoning in *Theys, et al.* reinforces Plaintiffs' contention that the crime-tort exception bars dismissal at this stage. Where Plaintiffs plausibly allege that their private health information was intercepted and disclosed by third parties, courts have allowed those claims to proceed past the pleading stage.

In *Theys, et al. v. Dental Intelligence, Inc., et al*., No. 25 CV 2464, 2026 WL 636743 at *12-13 (N.D. Ill. Mar. 6, 2026), the court considered whether Plaintiffs' allegations that Defendant disclosed IIHI to third parties in violation of HIPAA were sufficient to invoke the crime-tort exception. The court concluded that the Plaintiffs' allegations, that their "requests for appointments, the names of the dental clinics where those appointments were made, the reason for the appointments, the name of the attending medical provider, their phone numbers, and their insurance providers" were disclosed to third parties, were sufficient at the pleading stage. The court rejected the argument that the crime-tort exception applies only when communications are intercepted on a patient portal, holding that such an argument did not defeat Plaintiffs' allegations at a motion-to-dismiss stage. Plaintiffs had sufficiently alleged disclosure of their IIHI in violation of HIPAA, even when the disclosures occurred through a public webpage.

For these reasons, *Theys, et al.* supports Plaintiffs' position that wiretapping claims should proceed where a defendant is alleged to have disclosed Plaintiffs' IIHI to third parties from public webpages. The decision also confirms that the crime-tort exception may defeat the party exemption at the pleading stage.

Additionally, the court's reasoning in *Stein* also reinforces Plaintiffs' contention that the crime-tort exception bars dismissal at this stage. Where Plaintiffs plausibly allege that Defendant placed the tracking tools on its website with knowledge that Plaintiffs' IIHI would be disclosed

to third parties in violation of HIPAA, courts have allowed those claims to proceed past the pleading stage.

In *Stein, et al. v. Edward-Elmhurst Health,* No. 23-cv-14515, 2026 WL 594752 at *3-4 (N.D. Ill. Mar. 3, 2026*)*, the court considered whether the crime-tort exception required an unlawful purpose. The court ruled that the phrase “criminal or tortious” in the ECPA modifies the word “act,” not “purpose,” and that a criminal purpose is not required. Accordingly, a defendant need not act with a criminal or tortious purpose; instead, the interception must be undertaken with the purpose of committing a criminal or tortious act. “[A] defendant is not automatically off the hook if it lacked a criminal or tortious purpose.” *Id.* at *5.

For these reasons, *Stein, et al.* supports Plaintiffs’ position that wiretapping claims should proceed where a defendant is alleged to have disclosed Plaintiffs’ IIHI to third parties. The decision also confirms that the crime-tort exception may defeat the party exemption at the pleading stage.

In light of *Theys et al.*, *Stein et al.,* and related authorities, Defendant’s motion to dismiss should be denied.

Dated: March 16, 2026

Respectfully submitted,

**DOMINA LAW GROUP, PC LLO**

By: *<u>/s/ Brian E. Jorde</u>*
Brian E. Jorde (NE Bar # 23613)
2425 South 144th Street
Omaha, NE 68144
Telephone: (888) 387-4134
Email: bjorde@dominalaw.com

Mark S. Reich (pro hac vice)
**LEVI & KORSINSKY, LLP**
33 Whitehall St., 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this notice complies with The District of Nebraska's Local Rules and further state that no generative artificial intelligence program was used in drafting the document.

*/s/ Brian E. Jorde*

**CERTIFICATE OF SERVICE**

I hereby certify that today, this 16th day of March 2026, I caused the foregoing document to be filed electronically with the Clerk of Court and therefore served upon all counsel of record.

*/s/ Brian E. Jorde*