**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ROBERT BUSSARD and DANIEL GIBSON, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN HEALTH,<br><br>Defendant. | Case No. 4:24-cv-03214-SMB-MDN<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Bryan Health ("Defendant"), by and through its counsel of record, hereby responds to Plaintiffs' Notice of Supplemental Authority ("NSA") (ECF No. 33) filed with the Court on March 18, 2026, purportedly in support of their Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 22). The NSA cites *Theys, et al. v. Dental Intelligence, Inc., et al.*, No. 25 CV 2464, 2026 WL 636743 (N.D. Ill. Mar. 6, 2026) and *Stein, et al. v. Edward-Elmhurst Health*, No. 23-cv-14515, 2026 WL 594752 (N.D. Ill. Mar. 3, 2026). Defendant briefly responds to show that, similar to Plaintiffs' other Notice of Supplemental Authority, the newly cited cases should not impact the analysis of Defendant's Motion to Dismiss.

In *Theys*, the court's analysis of the crime-tort exception focused on the plaintiffs' use of a scheduling portal to affirmatively enter information, including specific appointment reasons, clinic/provider names, phone numbers, and insurance details. It was that submitted information that was allegedly disclosed to third parties. *Theys*, 2026 WL 636743 at *5, 12-13. The court found plaintiffs' allegations concerning the transmission of individually identifiable health information ("IIHI") submitted through the scheduling portal in violation of HIPAA sufficient to survive dismissal at the pleading stage. *Id.* at *13.

This case is fundamentally different. Plaintiffs only allege that third parties received data

about standard public browsing activity: (1) searches for specific symptoms or illnesses; (2) searches and filters for doctors by specialty; and (3) searches for care locations. Absent are averments about protected health information, as no IIHI was submitted through a portal or entered or transmitted. Plaintiffs engaged in purely public website browsing without any login, authentication, or access to private health records or patient-specific communications. *See generally* ECF Nos. 16, 25. *Theys* therefore does not support Plaintiffs' arguments.

*Stein* is similarly unhelpful. The court there clarified that the crime-tort exception requires the underlying act itself to be criminal or tortious, but no criminal or tortious purpose is necessary. *Stein*, 2026 WL 594752 at *3-5.[1] *Stein* does not advance Plaintiffs' position. Here, neither a criminal/tortious act nor purpose exists. The alleged disclosure of browsing activity—searches for symptoms, doctor specialties, and care locations—does not constitute a HIPAA violation because no IIHI was transmitted. Without an underlying criminal or tortious act (i.e., an actual HIPAA violation), the crime-tort exception cannot apply, regardless of whether purpose is required.

In sum, *Theys* and *Stein* alter the actual issues and governing law for the pending motion to dismiss where the Complaint fails to state a claim because the pleading only identifies unprotected, purely public website browsing activity.

Dated March 26, 2026.

BRYAN HEALTH, Defendant.

By: /s/ Kamron T.M. Hasan
Kamron T.M. Hasan (#25494)
HUSCH BLACKWELL LLP
14606 Branch Street, Suite 200
Omaha, NE 68154
Telephone: (402) 964-5176
Facsimile: (402) 964-5050
kamron.hasan@huschblackwell.com

[1] *Stein* was decided on a motion to reconsider or for interlocutory appeal after the defendants lost their motion to dismiss—unlike this case, which remains at the initial motion to dismiss stage. *Id.*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this notice complies with The District of Nebraska's Local Rules and further state no generative artificial intelligence program was used in drafting the document.

*/s/ Kamron T.M. Hasan*

**CERTIFICATE OF SERVICE**

I hereby certify that today, this 26th day of March 2026, I caused the foregoing document to be filed electronically with the Clerk of Court and therefore served upon all counsel of record.

*/s/ Kamron T.M. Hasan*