**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

ROBERT BUSSARD and DANIEL GIBSON, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

BRYAN HEALTH,

Defendant.

Case No. 4:24-cv-03214-SMB-MDN

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Robert Bussard and Daniel Gibson, on behalf of themselves and all others similarly situated, respectfully submit this Notice of Supplemental Authority regarding their Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 22).

Two recent federal decisions further support Plaintiffs' position with respect to Plaintiffs' wiretap claims and the application of the crime-tort exception. In *Doe v. Baystate Health Sys., Inc.*, No. 1:25-CV-10337-JEK, 2026 WL 776861 (D. Mass. Mar. 19, 2026), the court considered nearly identical allegations and addressed the applicability of the crime-tort exception, where individually identifiable health information ("IIHI") was intercepted by tracking tools, attached as **Exhibit A**. In *Dellasala v. Samba TV, Inc.*, No. 3:25-CV-03470-JSC, 2026 WL 1138358 (N.D. Cal. Apr. 21, 2026), the court addressed the purpose necessary for the crime-tort exception to apply, attached as **Exhibit B**.

Plaintiffs submit that Defendant cannot invoke the party exemption to defeat liability under either the Electronic Communications Privacy Act or Nebraska's wiretap statute. The exemption is unavailable because Defendant procured Meta and other third parties to carry out the interception for the purpose of disclosing Plaintiffs' IIHI. Defendant purposefully placed

tracking tools on its website, knowing that Meta and third parties would intercept IIHI in violation of HIPAA.

In *Doe*, the court considered whether the plaintiffs' allegations that the defendant disclosed IIHI to third parties in violation of HIPAA were sufficient to invoke the crime-tort exception. The court concluded that the plaintiff's allegations that her "searches regarding breast cancer screenings and providers, her scheduling of a mammogram, and her status as a patient" were disclosed to third parties were sufficient at the pleading stage. *See Doe*, 2026 WL 776861, at *5 (citing *Cousin v. Sharp Healthcare*, 702 F. Supp. 3d 967, 976 (S.D. Cal. 2023) ("Plaintiffs allege that their data included personal search queries—such as specialty healthcare providers and treatments for medical conditions—and therefore plausibly conveyed content: their [protected health information].")).

*Doe* further reasoned that the crime-tort exception applies where defendants deploy tracking technologies that intercept and disclose private health information to third parties and recognized that the interception facilitates an unlawful act, regardless of whether the defendant acted with a criminal or tortious purpose. *Doe* further reinforces Plaintiffs' contention that the crime-tort exception bars dismissal at this stage. Where Plaintiffs plausibly allege that their private health information, including personal search queries for healthcare providers and treatment for medical conditions, was intercepted and disclosed to third parties, courts have allowed those claims to proceed past the pleading stage. *See Doe*, 2026 WL 776861, at *4. Thus, *Doe* supports Plaintiffs' position that wiretapping claims should proceed where a defendant is alleged to have disclosed Plaintiffs' IIHI to third parties from searches on a public webpage and confirms that the crime-tort exception may defeat the party exemption at the pleading stage.

Similarly, in *Dellasala*, the court considered whether the crime-tort exception is precluded where the defendant had a commercial purpose as its ostensible primary motivation for its purported unlawful interceptions. *See Dellasala*, 2026 WL 1138358, at *9-10. The court reasoned that the crime-tort exception applies even when the defendant is motivated by monetary

gain, insofar as the plaintiffs have adequately alleged that the defendant's conduct violated the law. *Dellasala* also reinforces Plaintiffs' contention that the crime-tort exception bars dismissal at this stage, especially where a defendant is alleged to have illegally disclosed Plaintiffs' IIHI to third parties, even when Defendant acted with a monetary purpose.

Plaintiffs respectfully submit that the reasoning in *Doe* and *Dellasala* further indicates that dismissal is inappropriate here. Thus*,* Defendant's Motion to Dismiss should be denied.

Dated: June 18, 2026

Respectfully submitted,

**DOMINA LAW GROUP, PC LLO**

By: */s/ Brian E. Jorde*
Brian E. Jorde (NE Bar # 23613)
2425 South 144th Street
Omaha, NE 68144
Telephone: (888) 387-4134
Email: bjorde@dominalaw.com

Mark S. Reich (*pro hac vice*)
**LEVI & KORSINSKY, LLP**
33 Whitehall St., 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this notice complies with The District of Nebraska's Local Rules and further state that no generative artificial intelligence program was used in drafting the document.

*/s/ Brian E. Jorde*

**CERTIFICATE OF SERVICE**

I hereby certify that today, this 18th day of June 2026, I caused the foregoing document to be filed electronically with the Clerk of Court and therefore served upon all counsel of record.

*/s/ Brian E. Jorde*